**UNITED STATES of America, Appellee,**

v.

**James Phillip BOOHER, Appellant.**

No. 84–5042.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 7, 1984.

Decided Jan. 11, 1985.

Daniel R. Bieger, Norton, Va. (Copeland & Molinary, P.C., Abington, Va., on brief), for appellant.

J. Gaston B. Williams, Asst. U.S. Atty., Roanoke, Va. (John P. Alderman, U.S. Atty., Roanoke, Va., Karen L. Donegan, Law Student Intern on brief), for appellee.

Before RUSSELL and HALL, Circuit Judges, and DUPREE, Senior District Judge of the Eastern District of North Carolina, Sitting by Designation.

DUPREE, Senior District Judge, Sitting by Designation.

This appeal presents the question whether the advance filing of a copy of a federal

writ of habeas corpus ad prosequendum with prison officials two days before a state prisoner is picked up for trial in federal court transforms the writ into a detainer thereby giving the prisoner procedural due process rights under the Interstate Agreement on Detainers Act (IADA). The district court held that it did not. Finding no error, we affirm.

Appellant James Booher was indicted in the Western District of Virginia on October 11, 1983 on three counts of illegal trafficking in food stamps in violation of 7 U.S.C. § 2024(b) and 18 U.S.C. § 2. Booher was then serving a thirty year sentence for unrelated state crimes in a Tennessee correctional facility at Only, Tennessee.

On October 19, 1983, Chief Judge James C. Turk of the Western District of Virginia issued a writ of habeas corpus ad prosequendum directing Booher's transfer from Tennessee to Virginia to stand trial on the food stamp charges. A copy of the writ was mailed to Tennessee prison officials on October 24, 1983, two days before federal marshals actually went to the prison to pick up Booher.

Following his transfer to Virginia, Booher filed a pro se petition for a writ of habeas corpus on December 9, 1983 arguing that charges against him must be dropped because he was not provided pre-transfer rights in Tennessee as required under the Interstate Agreement on Detainers Act. See 18 U.S.C. Appendix § 2. A hearing was held on the writ on January 9, 1984 and the district judge denied relief. Booher then appealed to this court.

Booher's argument that the copy of the writ of habeas corpus ad prosequendum mailed by Virginia to Tennessee prison officials is the functional equivalent of a detainer under the IADA is without merit. As the Supreme Court explained in *United States v. Mauro*, 436 U.S. 340, 357–61, 98 S.Ct. 1834, 1845–47, 56 L.Ed.2d 329 (1978), there are fundamental differences between a writ of habeas corpus ad prosequendum and a detainer. The writ is issued by a federal court and requires the immediate presence of the defendant named in the writ. Conversely, a detainer may be pre-

pared by a prosecutor or law enforcement officer and simply puts prison officials on notice that charges are pending against an individual. The governor of the sending state can refuse to transfer an individual sought under a detainer but cannot do so if a writ is filed.

The differences between a writ of habeas corpus ad prosequendum and a detainer are known by law enforcement officers and Tennessee prison officials could not have interpreted the copy of the writ sent by Virginia to the prison as a detainer. Moreover, there was no indication on the face of the writ that Virginia intended the writ to be treated as a detainer. Booher's argument that the government conceded the writ was the same as a detainer at the hearing on the habeas petition is to no avail. Regardless of whether the Assistant United States Attorney thought the two documents had the same effect, that is not the law and his admission cannot convert the copy sent to Tennessee officials into a detainer. *See Mauro*, 436 U.S. at 357–61, 98 S.Ct. at 1845–47.

In *United States v. Bamman*, 737 F.2d 413, 415–16 (4th Cir.1984), this court held that the mere knowledge of state prison officials that two of their inmates were the subject of a federal investigation was not the functional equivalent of a detainer triggering rights under the IADA. Similarly, knowledge on the part of Tennessee prison officials, gained from the copy of the writ of habeas corpus ad prosequendum, that Booher was to be tried in Virginia on federal charges is insufficient to convert the writ into a detainer. The writ was doubtless mailed as a courtesy to the Tennessee prison authorities in order that Booher might be readied for transfer. It served no other purpose, and Booher's arguments to the contrary are not persuasive.

The decision of the district court is affirmed.

AFFIRMED.